## THE PEOPLE v. ENRIQUE OTERO & CO.

## APPEAL from the District Court of San Juan, Section 1.

### No. 394.—Decided February 13, 1912.

CRIMINAL LAW—VIOLATION OF INTERNAL-REVENUE LAWS—UNLICENSED SALE OF BEER.—The essential element of the offense of selling certain articles, among them beer, without obtaining the required quarterly license is the fact that the sale was made without the required license having been paid, therefore it is not necessary to allege more than one sale or to state the quantity sold, hence one sale of any quantity whatever is punishable if made without the license required by law.

ID.—SALE BETWEEN PARTNERS.—Even though from the language of the complaint in its ordinary and grammatical sense it appears that both defendants are members of the same firm and that they were selling beer to each other, that fact does not change the character of the offense.

ID.—POSTPONEMENT OF TRIAL—DISCRETIONARY POWER OF TRIAL COURT.—A motion to postpone a trial is addressed to the sound discretion of the trial court and before the Supreme Court will modify the decision of the trial court on appeal it must be shown that the judge abused his discretionary power, and the mere allegation that the postponement was requested on the ground that a witness important to the defendant's case was absent is not sufficient to warrant the assertion that the court improperly exercised the discretionary power conferred upon it by law.

ID.—CONTRADICTORY EVIDENCE—CONSIDERATION THEREOF—PASSION, PREJUDICE, GRAVE ERROR.—Where the evidence is contradictory and such conflict has been reconciled by the trial judge, this court cannot disturb his findings unless it should be shown that he was influenced by passion or prejudice or committed manifest error.

ID.—UNLICENSED SALE OF BEER—NAME OF PURCHASER—SUPERFLUOUS STATEMENT.—In an information for the sale of beer without the license required by the internal-revenue laws it is not necessary to state the purchaser's name, and if it should be stated it would be a superfluous statement which would not need to be proven, wherefore a discrepancy between the evidence and the facts alleged in the complaint on this point would not be fatal because the discrepancy would be in something not material to the information.

ID.—VERDICT—DISCREPANCY IN EVIDENCE—FAILURE TO OBJECT TO INTRODUCTION THEREOF.—After a verdict is rendered it cannot be alleged that it is contrary to the evidence unless it appears from the record that the discrepancy is fatal, and no exception having been taken to the evidence by the defendant he cannot raise the point for the first time on appeal.

ID.—REVERSAL OF JUDGMENT—ERROR IN ALLEGATIONS OR PROCEDURE—SUBSTANTIAL RIGHTS OF DEFENDANT.—According to section 46 of the Code of Criminal Procedure no error in the pleadings or in the proceedings renders them invalid unless it has actually prejudiced the defendant or tends to his prejudice in respect to his substantial rights.

The facts are stated in the opinion.

*Mr. José L. Pesquera* for appellant.

*Mr. Charles E. Foote, fiscal,* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

The District Court of San Juan, Section 2, reviewed on appeal a complaint filed in the Muncipal Court of Bayamón, the material parts of which read as follows:

"I, Jacob Marks, a resident of Bayamón, living at No. —— Martí Street, 31 years of age, file this complaint charging Enrique Otero y Mellón and Modesto Moledo, of the firm of E. Otero & Co., with the commission of a crime against the internal-revenue laws, committed as follows: That in the month of January, 1911, in the town of Bayamón, within the municipal judicial district of Bayamón, the said Enrique Otero y Mellón and Modesto Moledo, of the firm of E. Otero & Co., did then and there unlawfully sell beer at wholesale without the license required therefor by the internal-revenue laws contrary to the form of the statute in such case made and provided and against the peace and dignity of The People of Porto Rico."

The district court rendered a judgment acquitting Modesto Moledo and convicting Enrique Otero, who took this appeal.

Although appellant has not filed a brief in support of the appeal, nevertheless his attorney appeared at the hearing and there orally stated the reasons why in his judgment the court below erred in overruling his motion to dismiss the complaint.

The lack of clearness in the statement of facts alleged to constitute the offense and upon which the motion for the dismissal of the complaint was based was said to consist in that not more than one sale has been denounced in that the sale was effected between partners, and in that nothing has been said as to the quantity sold.

Under the internal-revenue laws, all persons desiring to engage in the traffic of certain articles, such as beer, must first take out a quarterly license by paying the fees charged for the same, and those engaged in such traffic without having complied with such requisites are subject to punishment. Whether the license is for retail or for wholesale traffic, or in

other words, whether the traffic is to be between dealers or between a dealer and a private individual, does not in any way materially alter the nature of the offense nor the statutory penalty.

The offense that is punishable under the law is the act of selling certain articles without the required license which is the essential and integral element of the offense, and it is not necessary to allege more than one sale or to state the quantity sold. Therefore, one sale of any quantity whatsoever if made without the license required by the law is punishable in accordance therewith.

The other contention in regard to this same error is that, taking the language of the complaint in its ordinary and grammatical sense, the offense with which the defendants are charged is that they were selling beer to each other—that is to say, that the appellant was selling it to Moledo and he to appellant. Now if it is true that appellant made a sale to Moledo the fact that both defendants are members of the same firm, as alleged in the complaint, does not take away from the act performed the element constituting the offense.

Therefore, the complaint is not obscure and is sufficient to inform the accused of the offense charged.

A motion was made by appellant at the beginning of the trial requesting the postponement thereof to another day on the ground that his most important witness was absent. This motion was denied by the court for the reason that the trial had already been postponed three days before for the same cause, and because the defendant had all the time necessary to compel the attendance of the witness .

Inasmuch as a motion to postpone a trial is addressed to the sound discretion of the trial judge, before we would modify his decision it would be necessary to show that the judge abused his discretionary power, and as the only contention in regard to this point is that the testimony of this witness was important to the defendant's case, we do not think such a reason is sufficient to warrant us in saying that the judge im--

properly exercised the discretionary power with which he is vested by law. *The People* v. *Guzmán,* 15 P. R. R., 276.

The other error verbally alleged is that the evidence was not sufficient to support a judgment of conviction.

The question here is not that the evidence introduced was insufficient, but that it was contradictory. As this conflict in the testimony has been reconciled by the judge we cannot now hold a different view, unless, as decided in numerous other cases, it should be shown that the judge was influenced by passion or prejudice, or committed manifest error, and this has not been shown to be the case herein.

We cannot deem the evidence to have been insufficient on the ground alleged that it disclosed the fact that the sale was made by a person other than the one mentioned in the complaint, bcause, as already stated, the essential element of the offense is that the beer was sold without the required license; and it matters very little whether the sale is made to one person or to another since it is not necessary to state the name of the purchaser in the complaint, for even if it is omitted the complaint would not be affected thereby. It follows then that, as the mention of the purchaser's name is unnecessary, if notwithstanding this fact his name were mentioned the statement would be a superfluous one and would not require any proof. Wherefore, a discrepancy between the evidence and the facts alleged in the complaint based on such a ground as this would not be fatal, since the variation would be on a point not material to the information or complaint.

Moreover, it is a general rule that after a verdict is rendered it cannot be attacked on the ground that it is contrary to the evidence unless it appears from the record that the discrepancy is fatal. But this is not the case here not only in view of the reasons given but because, as shown by the record, from the beginning of the trial appellant was aware of the concrete fact which was to be disclosed by the evidence intended to be introduced against him, as is shown by his motion for a postponement of the trial on the ground of the ab-

sence of a witness whose testimony he considered necessary to disprove such evidence.

No objection to the introduction of such evidence was made by appellant, and he cannot now raise the question for the first time. See *People v. Formosa,* 131 N. Y., 479.

Furthermore, under section 46 of the Code of Criminal Procedure in force in Porto Rico, an error in the pleadings or in the proceedings does not render them invalid unless it has actually prejudiced the defendant or tended to his prejudice in respect to a substantial right. And we have already seen that the discrepancy, if there was any between the complaint and the evidence, did not impair any right of appellant because he was informed before the trial what facts the evidence would be introduced to show.

We will add in conclusion that from the language used in drawing the complaint we are led to the presumption that the pronoun *se* is superfluous in that part of the complaint, and that the meaning conveyed by it is not that the defendants were selling beer to each other, but that it was being sold by them.

In view of the foregoing reasons the judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro Concurred.